1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   SUSAN LOPEZ,                      No. 2:10-cv-01173-MCE-KJM

12          Plaintiff,

13      v.                            <u>MEMORANDUM AND ORDER</u>

14   RASH CURTIS & ASSOCIATES,

15          Defendant.

16                         ----oo0oo----

17

18      The present action arises from a telephone communication

19   between Susan Lopez ("Plaintiff") and Rash Curtis & Associates

20   ("Defendant").  Presently before the Court is Defendant's Motion

21   to Dismiss Plaintiff's Complaint for failure to state a claim

22   upon which relief can be granted pursuant to Federal Rule of

23   Civil Procedure 12(b)(6).  For the reasons set forth below,

24   Defendant's Motion to Dismiss will be granted.[1]

25   ///

26

27      [1] Because oral argument was not determined to be of material
     assistance, the Court ordered this matter submitted on the
28   briefing.  E.D. Local Rule 230(g).

                                1

## BACKGROUND[2]

Plaintiff is a consumer who incurred debt.  At the time of the telephone communication giving rise to the instant litigation, Plaintiff alleges Defendant either owned the debt or was retained by the owner to collect the debt.  Defendant is a debt collector who regularly engages in the business of debt collection.

On January 15, 2010, Defendant telephoned Plaintiff.  During this conversation, Plaintiff alleges that Defendant threatened to sue Plaintiff if the debt was not paid, that it would add $10,000 of attorney fees to the debt, and that it would garnish Plaintiff's wages if the debt was not paid.

Plaintiff avers that Defendant had neither the intent nor ability to sue, to garnish wages, or add $10,000 in legal fees. Plaintiff commenced this action on March 12, 2010 alleging Defendant falsely represented the character, amount, and/or legal status of the debt.  In her Complaint, Plaintiff alleges both federal and state causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*; and (2) violation of the California Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788.17, *et seq.*

///

///

///

[2] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified.

**STANDARD**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co</u>., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Conley v. Gibson</u>, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) (internal citations and quotations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. <u>Id.</u> at 21 (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-236 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action").

///
///
///
///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc</u>., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

The two FDCPA provisions at issue in this case are 15 U.S.C. §§ 1692(e) and 1692(f).  Section 1692(e)(2) prohibits "[t]he false representation of...the character, amount, or legal status of any debt," and the threat of an action that cannot legally be taken or is not actually intended.  Section 1692(f) prohibits a debt collector from employing any "unfair or unconscionable means to collect or attempt to collect any debt."  Whether the alleged conduct violates either of these provisions requires an objective analysis that considers whether "the least sophisticated debtor would likely be misled by [the] communication." <u>Donohue v. Quick Collect, Inc.</u>, 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotations omitted).

///

///

///

1    As a threshold requirement, Plaintiff must allege sufficient

2    facts in her Complaint to establish that Defendant is a "debt

3    collector" as it is defined by the FDCPA.  The FDCPA defines

4    "debt collector" as "any person who uses any instrumentality of

5    interstate commerce of the mails in any business the principal

6    purpose of which is the collection of any debts, or who regularly

7    collects or attempts to collect, directly or indirectly, debts

8    owed or due or asserted to be owed or due another."  15 U.S.C.

9    § 1692a(6); <u>Romine v. Diversified Collection Services, Inc.</u>, 155

10   F.3d 1142, 1145-46 (9th Cir. 1998).

11   Here, Plaintiff merely makes the conclusory statement that

12   Defendant "is a 'debt collector' as defined by the FDCPA."

13   (Complaint ¶ 7) without providing any substantive facts

14   demonstrating that Defendant is engaged in a business the

15   principle purpose of which is the collection of debts as required

16   under the FDCPA.  15 U.S.C. § 1692a(6).  By itself, this

17   statement is not sufficient to state a claim for relief.  <u>See</u>

18   <u>Swain v. CACH, LLC</u>, 699 F. Supp. 2d 1109, 1110 (N.D. Cal. 2009).

19   Moreover, Plaintiff has failed to allege any facts describing the

20   contract she supposedly entered, the type of credit she acquired,

21   or any information about the Defendant as creditor.  Therefore,

22   this Court cannot determine whether Defendant was a "debt

23   collector" within the meaning of the FDCPA.

24   Furthermore, threats to sue or of garnishment of wages are

25   only proscribed if they are unlawful, meaning that the threatened

26   action cannot be legally taken or is not intended to be taken.

27   See 15 U.S.C. § 1692(e)(5).

28   ///

In the instant case, Plaintiff has not provided sufficient facts for the Court to determine whether or not Defendant's alleged threats are unlawful.  The conclusory statement that Defendant lacked the ability and/or intent to pursue such actions after threatening to do so does not satisfy Rule 8(a)(2) pleading requirements.

Nor does Plaintiff's Complaint contain adequate factual allegations to state a claim for violation of Section 1692(f). Section 1692(f) prohibits a debt collector from employing any "unfair or unconscionable means to collect or attempt to collect any debt."  For example, Plaintiff does not aver that Defendant attempted to collect more than was contractually owed, as prohibited by 1692(f)(1).  Additionally, Plaintiff does not contend that Defendant caused her to incur charges by concealing the true purpose of the telephone communication, that Defendant threatened to deposit a postdated payment prior to the date on the instrument, or that Defendant has engaged in any of the practices proscribed by the Section 1692(f).  Conclusory statements are not sufficient to survive a 12(b)(6) Motion to Dismiss.

Plaintiff's allegations appear to be no "more than labels and conclusions," which will not do.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  The pleadings contained within the Plaintiff's Complaint are insufficient to raise a right to relief above the speculative level.  Defendant's Motion to Dismiss Plaintiff's FDCPA claim is granted.

///

///

1      With Plaintiff unable to successfully allege a federal

2  claim, the Court declines to exercise supplemental jurisdiction

3  over Plaintiff's state claim.

4

5  **CONCLUSION**

6

7      Accordingly, for the forgoing reasons, Defendant's Motion to

8  Dismiss (ECF No. 6) is GRANTED with leave to amend.

9      Plaintiff may file an amended complaint not later than

10 twenty (20) days after the date this Memorandum and Order is

11 filed electronically.  If no amended complaint is filed within

12 said twenty (20)-day period, without further notice, Plaintiff's

13 claims will be dismissed without leave to amend.

14     IT IS SO ORDERED.

15 Dated: September 2, 2010

16

17

18 MORRISON C. ENGLAND, JR.

19 UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28