1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   SUSAN LOPEZ,                     No. 2:10-cv-01173-MCE-KJM

12          Plaintiff,

13      v.                            MEMORANDUM AND ORDER

14   RASH CURTIS & ASSOCIATES,

15          Defendant.

16                       ----oo0oo----

17       The present action arises from a telephone communication

18   between Susan Lopez ("Plaintiff") and Rash Curtis & Associates

19   ("Defendant").  Presently before the Court is Defendant's Motion

20   to Dismiss Plaintiff's First Amended Complaint for failure to

21   state a claim upon which relief can be granted pursuant to

22   Federal Rule of Civil Procedure 12(b)(6).[1]  For the reasons set

23   forth below, Defendant's Motion to Dismiss will be granted.[2]

24

25   ──────────────

26       [1] All further references to "Rule" or "Rules" are to the
     Federal Rules of Civil Procedure unless otherwise noted.

27       [2] Because oral argument was not determined to be of material
28   assistance, the Court ordered this matter submitted on the
     briefing.  E.D. Local Rule 230(g).

                              1

1

## BACKGROUND[3]

2

3    Plaintiff is a consumer who incurred debt.  At the time of

4  the telephone communication giving rise to the instant

5  litigation, Plaintiff alleges Defendant either owned the debt or

6  was retained by the owner to collect the debt.  Defendant is a

7  debt collector who regularly engages in the business of debt

8  collection.

9    On January 15, 2010, Defendant telephoned Plaintiff.  During

10  this conversation, Plaintiff alleges that Defendant threatened to

11  sue Plaintiff if the debt was not paid, that it would add $10,000

12  of attorney fees to the debt, and that it would garnish

13  Plaintiff's wages if the debt was not paid.

14    Plaintiff avers that Defendant had neither the intent nor

15  ability to sue, to garnish wages, or add $10,000 in legal fees.

16  Further, Plaintiff argues that Defendant falsely represented the

17  character, amount, and/or legal status of the debt in violation

18  of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.

19  § 1692 et seq.; and the California Rosenthal Fair Debt Collection

20  Practices Act, California Civil Code § 1788.17 et seq, among

21  other state causes of action.

22    Presently before the Court is Defendant's Motion to Dismiss

23  Plaintiff's First Amended Complaint.  The previous Motion to

24  Dismiss the original Complaint was granted by this court for

25  failure to state a claim.  (ECF No. 13.)

26

27    [3] The factual assertions in this section are based on the
allegations in Plaintiff's First Amended Complaint unless
28  otherwise specified.

1  **STANDARD**

2

3       On a motion to dismiss for failure to state a claim under

4  Rule 12(b)(6), all allegations of material fact must be accepted

5  as true and construed in the light most favorable to the

6  nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

7  337-38 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2)

8  requires only "a short and plain statement of the claim showing

9  that the pleader is entitled to relief," in order to "give the

10 defendant fair notice of what the...claim is and the grounds upon

11 which it rests." Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99

12 (1957). While a complaint attacked by a Rule 12(b)(6) motion to

13 dismiss does not need detailed factual allegations, a plaintiff's

14 obligation to provide the "grounds" of his "entitlement to

15 relief" requires more than labels and conclusions, and a

16 formulaic recitation of the elements of a cause of action will

17 not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)

18 (internal citations and quotations omitted). Factual allegations

19 must be enough to raise a right to relief above the speculative

20 level. Id. at 21 (citing 5 C. Wright & A. Miller, Federal

21 Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("The

22 pleading must contain something more...than...a statement of

23 facts that merely creates a suspicion [of] a legally cognizable

24 right of action").

25 ///

26 ///

27 ///

28 ///

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend.  The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant,...undue prejudice to the opposing party by virtue of...the amendment, [or] futility of the amendment...."  Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

**ANALYSIS**

**A.    Federal Claims**

The two FDCPA provisions at issue in this case are 15 U.S.C. §§ 1692(e) and 1692(f).  Section 1692(e)(2) prohibits "[t]he false representation of...the character, amount, or legal status of any debt," and the threat of an action that cannot legally be taken or is not actually intended.  Section 1692(f) prohibits a debt collector from employing any "unfair or unconscionable means to collect or attempt to collect any debt."  Whether the alleged conduct violates either of these provisions requires an objective analysis that considers whether "the least sophisticated debtor would likely be misled by [the] communication." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1030 (9th Cir. 2010) (internal quotations omitted).

///

///

4

1    When determining whether a debt collector has violated the

2    FDCPA provisions, "the court must apply a two-pronged test"

3    evaluating (1) whether "the debt collector threatened legal

4    action or arrest;" and (2) "whether the debt collector could

5    legally take such action and had the intent to do so."   <u>Schwarm</u>

6    <u>v. Craighead</u>, 552 F. Supp. 2d 1056, 1077 (E.D. Cal. 2008).

7    Threats to sue or of garnishment of wages are only

8    proscribed if they are unlawful, meaning that the threatened

9    action cannot be legally taken or is not intended to be taken.

10   See 15 U.S.C. § 1692(e)(5).  In the instant case, Plaintiff has

11   not provided sufficient facts for the Court to determine whether

12   Defendant's alleged threats were unlawful, let alone that

13   Defendant had no intention of acting on them.  The conclusory

14   statement that Defendant lacked the ability and/or intent to

15   pursue such actions after threatening to do so does not satisfy

16   Rule 8(a)(2) pleading requirements.

17   Plaintiff's First Amended Complaint also does not contain

18   adequate factual allegations to state a claim for violation of

19   Section 1692(f).  Plaintiff simply asserts that Defendant

20   threatened to add attorney's fees if a suit commenced, and

21   asserted Defendant was not legally able to do so.  However,

22   Plaintiff does not provide any facts demonstrating any such

23   conduct violated the statute or otherwise infringed on her

24   rights.  Conclusory statements are not sufficient to survive a

25   12(b)(6) Motion to Dismiss.

26   ///

27   ///

28   ///

5

1    Plaintiff's allegations appear to be no "more than labels
2  and conclusions," which will not do.  <u>Ashcroft v. Iqbal</u>, ---
3  U.S.---, 129 S. Ct. 1937, 1949 (2009).  The pleadings contained
4  within the Plaintiff's First Amended Complaint are insufficient
5  to raise a right to relief above the speculative level.
6  Defendant's Motion to Dismiss Plaintiff's FDCPA claim is granted.
7
8    **B.    Plaintiff's Remaining Causes of Action**
9
10    Plaintiff's federal claim presently dismissed, the Court
11  declines to exercise supplemental jurisdiction over the remaining
12  state cause of action.  The Court need not address the merits of
13  Defendant's Motion to Dismiss with respect to the remaining state
14  law causes of action, as those issues are now moot.
15
16                          **CONCLUSION**
17
18    Accordingly, for the forgoing reasons, Defendant's Motion to
19  Dismiss is GRANTED with leave to amend.  Plaintiff may file an
20  amended complaint not later than twenty (20) days after the date
21  this Memorandum and Order is filed electronically.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

6

If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's federal claims will be dismissed without leave to amend and the remaining state claims will be remanded to the state court forthwith.

IT IS SO ORDERED.

Dated: November 30, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE